UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAH SILVEIRA,<br><br>    Plaintiff,<br><br>v.<br><br>D. STARKWEATHER and J. QUINTERO,<br><br>    Defendants. | Case No. 1:17-cv-00989-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF NO. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF SERVICE DOCUMENTS |

Josiah Silveira ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 25, 2017. (ECF No. 1). On May 17, 2018, the Court found service of the complaint appropriate and directed Plaintiff to complete and return service documents within thirty days.[1] (ECF No. 11).

The deadline for Plaintiff to complete and return the service documents has passed, and Plaintiff has not completed and returned the service documents. Accordingly, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to comply with a

---

[1] While the order was entered on May 17, 2018, it was signed on May 16, 2018 (ECF No. 11, p. 2).

1

court order and failure to prosecute.  However, the Court will also direct the Court to re-send Plaintiff the service documents, and will vacate these findings and recommendations if Plaintiff completes and returns the service documents within the objection period.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to complete and return the service documents that is causing delay.  The case is now stalled until Plaintiff completes and returns the service documents.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, including the Court's need to manage its docket, the Court

finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with the Court's order dated May 16, 2018 (ECF No. 11); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court shall SEND Plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed on July 25, 2017 (ECF No. 1).

IT IS SO ORDERED.

Dated: **July 9, 2018**         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE